# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| MACK AUTHER FOREMAN, JR., #200291, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-115-WKW-CSC |
| LEIGH GWATHNEY, | ) ) ) | [WO] |
| Defendant. | ) | |

| | | |
|---|---|---|
| MACK AUTHER FOREMAN, JR., #200291, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-116-WKW-CSC |
| DWAYNE SPURLOCK, | ) ) ) | [WO] |
| Defendant. | ) | |

| | | |
|---|---|---|
| MACK AUTHER FOREMAN, JR., #200291, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-117-WKW-CSC |
| CLIFF WALKER, | ) ) ) | [WO] |
| Defendant. | ) | |

| | |
|---|---|
| MACK AUTHER FOREMAN, JR., #200291, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-118-WKW-CSC |
| | )              [WO] |
| CHARLES GRADDICK, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Staton Correctional Facility, filed this *pro se* 42 U.S.C. § 1983 action on February 9, 2021. On February 11, 2021, the Court directed Plaintiff to forward to the Clerk of Court an initial partial filing fee in the amount of $11.93. Doc. 5. The Court cautioned Plaintiff his failure to comply with the February 11 Order would result in a Recommendation his Complaint be dismissed. Doc. 5 at 3. Plaintiff has not submitted the initial partial filing fee or otherwise complied with the Court's February 11, 2021, Order, and the time for doing so—after granting two continuances—expired May 3, 2021.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds Plaintiff has willfully failed to comply with the directives of the Court's February 11, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the Court further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

**On or before July 30, 2021,** Plaintiff may file an objection to the Recommendation of the Magistrate Judge. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of July 2021.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE